IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00794-EWN-MEH

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation, and
ROBERT SIROWITZ,

      Plaintiffs,

v.

ACF PROPERTY MANAGEMENT INC., and,
MEADOWS SHOPPING CENTER 05, LLC,

      Defendant.

---

## CONSENT DECREE AND ORDER

---

1      INTRODUCTION

1.1    This Consent Decree is entered into between Plaintiffs, Colorado Cross-Disability Coalition ("CCDC"), and Robert Sirowitz, on the one hand, and Defendants, ACF Property Management Company, Inc. ("ACF"), and Meadows Shopping Center 05, LLC, ("Meadows") on the other. Collectively, Plaintiffs and Defendants shall be referred to as the "Parties."

1.2    Plaintiff CCDC is a statewide, disability rights advocacy organization, based in Denver, Colorado.

1.3    Plaintiff Robert Sirowitz is a CCDC member who uses a wheelchair and who drives a wheelchair-lift-equipped van. Mr. Sirowitz resides in Englewood, Colorado.

1.4    Defendant ACF is a commercial property management company that manages a parking lot at a shopping center known as the Meadows Shopping Center, located at 8374 Willow Street, between Willow Street and Yosemite Street, bordered on the North by County Line Road, in Lone Tree, Douglas County, Colorado, Parcel No. 2231-041-08-005.

1.5    Defendant Meadows owns the property known as the Meadows Shopping Center, located at 8374 Willow Street, between Willow Street and Yosemite Street,

bordered on the North by County Line Road, in Lone Tree, Douglas County, Colorado, Parcel No. 2231-041-08-005.

1.6     Plaintiffs have brought suit against Defendant in the United States District Court for the District of Colorado, Civil Action No. 07-cv-794-EWN-MEH (the "Lawsuit"), in which they allege that Defendants violate the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601, *et seq*., in their ownership, management and maintenance of the parking lot at the Meadows Shopping Center.

1.7     Defendants have denied and continue to deny any and all liability or wrongdoing to Plaintiffs.  By entering into this Consent Decree, Defendants do not admit any impropriety, wrongdoing or liability of any kind whatsoever, including any as to the claims raised in the Lawsuit, and on the contrary, expressly deny the same. Defendants have entered into this Consent Decree solely for the purpose of avoiding the expense, inconvenience, distraction and delay of the Lawsuit, without admitting any wrongdoing or liability whatsoever.

2       CONDITIONS PRECEDENT TO THIS CONSENT DECREE

This Consent Decree shall be conditioned upon, and shall be effective only upon, the occurrence of all the following events:

2.1     This Consent Decree must be signed by all of the Parties.

2.2     The Court must grant final approval of this Consent Decree and enter judgment in accordance with the terms set forth herein.

3       DEFINITIONS

As used in this Consent Decree, the terms set forth in the subparagraphs below shall have the meaning assigned to them herein.  Terms not defined herein shall have the meaning assigned to them in the ADA and the Americans with Disabilities Act Standards for Accessible Design ("Standards") reprinted at 28 C.F.R. Part 36, Appendix A.

3.1     "Access Aisle" means, for an Accessible Parking Space, a clearly delineated area immediately adjacent to the Accessible Parking Space that is at least five feet wide.  "Access Aisle" for a Van Accessible Parking Space means a marked area immediately adjacent to the Van Accessible Parking Space that is at least eight feet wide.  The cross-slope for all Access Aisles shall not exceed two percent.

3.2     "Accessible Parking Space" means a parking space that is at least eight feet wide, that is adjacent on either side to a clearly delineated Access Aisle that is at least

2

five feet wide and that is indicated by a sign that complies with Standards § 4.6.4. The cross-slope of any Accessible Parking Space shall not exceed two percent.

3.3     "ADA" refers to the Americans with Disabilities Act, 42 U. S. C. § 12101, *et seq.*

3.4     "Alteration" has the meaning ascribed in 28 C.F.R. § 36.402, subject also to the provisions of 28 C.F.R. § 36.403.

3.5     "Colorado Anti-discrimination Act" refers to Colo. Rev. Stat. § 24-34-601, *et seq.*

3.6     "Consent Decree" means this document.

3.7     "Cross-slope" means the direction perpendicular to the path of travel.

3.8     "Dispute Resolution" means the process described in section 7.

3.9     "Standards" means the Department of Justice Standards for Accessible Design, 28 C.F.R., pt. 36, app. A.

3.10    "Van Accessible Parking Space" means a parking space that is at least eight feet wide, that is adjacent on either side to a clearly delineated Access Aisle that is at least eight feet wide and that is indicated by a sign that complies with Standards § 4.6.4.

4       PARKING

4.1     Defendants agree to maintain the parking lot at the Meadows Shopping Center so that the parking lot has the number of Accessible Parking Spaces and Van Accessible Parking Spaces set forth below:

| Total Number of Parking Spaces | Total Number of Accessible Parking Spaces Required | Total Number of Van Accessible Parking Spaces Required |
|---|---|---|
| 1 to 25 | 1 | 1 |
| 26 to 50 | 2 | 1 |
| 51 to 75 | 3 | 1 |
| 76 to 100 | 4 | 1 |
| 101 to 150 | 5 | 1 |
| 151 to 200 | 6 | 1 |
| 201 to 300 | 7 | 1 |

3

| Total Number of Parking Spaces | Total Number of Accessible Parking Spaces Required | Total Number of Van Accessible Parking Spaces Required |
|---|---|---|
| 301 to 400 | 8 | 1 |
| 401 to 500 | 9 | 2 |
| 501 to 1000 | 2% of total | 1 for every 8 accessible spaces |
| 1001 or more | 20 plus 1 for each 100 over 1000 | 1 for every 8 accessible parking spaces |

4.2     Defendants agree that any parking space in the parking lot that is currently designated "accessible" or "van accessible" will comply with the dimensions and terms as provided §4.6.3 and §4.1.2(5) of the Standards and the ADA.

4.3     Defendants agree that, they will maintain, purchase and install signage in the parking lot that complies with Standards § 4.6.4.  As required by Standards § 4.6.4, (1) signs designating parking spaces for disabled people must be seen from a driver's seat if the signs are mounted high enough above the ground and located at the front of the parking space.

4.4     Defendants agree to operate and maintain the parking lot in compliance with the sections below:

4.4.1   The number of Accessible Parking Spaces and Van Accessible Parking Spaces will be maintained as set forth in section 4.1 above.
4.4.2

4.4.3   If Defendants make an Alteration to the parking lot, such Alteration will be made in compliance with the Standards and the ADA.

4.4.4   All Accessible Parking Spaces and Van Accessible Parking Spaces shall be dispersed throughout the parking lot in compliance with the Standards and the ADA.

4.5     Defendants agree to maintain the parking lot at the Meadows Shopping Center in compliance with the terms of 28 C.R.F.§ 36.211.

5       DAMAGES

4

Defendants will pay Plaintiff Robert Sirowitz Five Hundred Dollars ($500.00) within ten (10) days of entry of this Consent Decree.

6        TERM OF CONSENT DECREE

The term of this Consent Decree shall commence from the date of entry by the Court and continue for a term that will extend to the latest of (1) five years; or (2) the date on which any Dispute Resolution process (as described in section 7 below) is concluded.

7        DISPUTE RESOLUTION

Any dispute between the Parties concerning compliance with the terms of this Consent Decree will be addressed as follows:

7.1      If any Party has reason to believe that a dispute exists, prompt written notice will be provided to the other Party.

7.2      Within one week after receipt of the notice, counsel for the Parties will confer by telephone or in person and attempt to resolve the dispute.

7.3      If the confer process does not occur or does not resolve the dispute, the matter may be referred by either Party to mediation before a neutral third party mutually agreed to by the Parties.  Each party is to be responsible for half of the mediator fees and each party is responsible for its own attorneys' fees and other costs, with the exception provided in Section 7.5 of this Agreement.

7.4      If mediation does not occur or does not resolve the dispute, the matter may be submitted by either Party to the U.S. District Court.

7.5.     In the event of any action for breach of, to enforce the provisions of, or otherwise involving this Agreement, the court in such action shall award a reasonable sum for attorneys' fees, costs and expenses and mediator fees based on the prevailing party standards under the ADA.

8.        RELEASES

8.1      Effective on the date of entry of this Consent Decree, Plaintiffs, on behalf of themselves and their executors, successors, heirs, assigns, agents and representatives, in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit and discharge Defendants and their parent and subsidiary corporations and each of their present, former or future officers, directors, and shareholders and successors and assigns from the Released Claims as defined below.

5

8.2     The "Released Claims" are any and all past or present claims, rights, demands, charges, complaints, actions, causes of action, and liabilities of any kind, including any and all such past or present claims for injunctive relief, declaratory relief, fees, costs or damages, arising on or before entry of this Consent Decree that relate to the accessibility of the Meadows Shopping Center parking lot for persons with mobility impairments.

8.3     Plaintiffs covenant that they will not bring a lawsuit against the Defendants during the term of this Consent Decree regarding accessibility of the Meadows Shopping Center parking lot for individuals with mobility impairments except as may be necessary to enforce the terms of this Consent Decree.

9.      COMMUNICATION TO THE PARTIES

Any notice or communication required or permitted to be given to any party under this Agreement shall be given in writing by depositing it in the U.S. Mail, addressed as follows:

To Defendant:

        ACF Property Management Company, Inc.
        3801 E. Florida Avenue, Suite 102
        Denver, CO 80210.

With a copy to:

        Thomas M. List, Esq.
        Murray Franke Greenhouse List & Lippitt, LLP
        Granite Building, Second Floor
        1228 Fifteenth Street
        Denver, Colorado 80202

To Plaintiff:

        Kevin W. Williams, Esq.
        Colorado Cross-Disability Coalition
        655 Broadway, Suite 775
        Denver, CO 80203

If any of the above addresses change, it is the responsibility of the Party whose address is changing to give written notice of said change to all other Parties within thirty (30) business days following the effective date of said change.

10.     ENTIRE AGREEMENT

This Consent Decree sets forth the entire agreement and understanding of the Parties, and, upon entry of this Consent Decree and continuing thereafter, shall supersede all prior

6

agreements, arrangements and understandings between the Parties.  No representation, warranty, promise, inducement, or agreement (oral or otherwise) not set forth in this Consent Decree shall be binding upon the parties.

11.     MODIFICATION OR WAIVER OF CONSENT DECREE

No term or provision of this Consent Decree may be modified or extinguished, in whole or in part, except by a writing which is dated and signed by all Parties.  No waiver of any of the provisions or conditions of this Consent Decree or of any of the rights, powers or privileges of a party hereto shall be effective or binding unless in writing and signed by the party claimed to have given or consented to such waiver.

12.     FREE AND VOLUNTARY ACT; NO MISTAKE

12.1    The Parties acknowledge that they discussed this Consent Decree with their respective attorneys in the Lawsuit before signing this Consent Decree, that they were represented by its attorneys in the Lawsuit in the negotiation and preparation of this Consent Decree, that they have carefully read and understand each of the terms of this Consent Decree, and that they have knowingly and voluntarily signed this Consent Decree as its own free act, without coercion or duress.

12.2    The individual signing this Consent Decree on behalf of each Defendant agrees and acknowledges that he or she has the authority to bind the Defendant to this Consent Decree.

12.3    Each of the Parties forever waives all rights to assert that this Consent Decree was the result of a mistake of law or fact.

13.     INTERPRETATION OF AGREEMENT

Each party acknowledges and stipulates that the compromise and settlement which form the basis of this Consent Decree have been arrived at after thorough bargaining and negotiation and represent a final mutually agreeable compromise of matters provided herein.  The Consent Decree shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the parties, it being recognized that, because of the arm's-length negotiations between the parties, both parties hereto have contributed substantially and materially to the preparation of the Consent Decree.

14.     HEADINGS

The headings contained in this  Consent Decree are for convenience only, do not constitute part of the Consent Decree and shall not limit, be used to interpret or otherwise affect in any way the provisions of the Consent Decree.

15.     EXECUTION OF AGREEMENT

This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

16.     DISMISSAL OF LAWSUIT

Upon entry of this Consent Decree, it is ORDERED that the case is dismissed with prejudice.


COLORADO CROSS-DISABILITY                ACF PROPERTY MANAGEMENT, INC.
COALITION

By:  s/ Julie Reiskin_____      By:  s/ Cathy Reynolds_____
Its: Executive Director_____      Its: __VP_____
Date: 7-19-07_____         Date: 7-20-07_____
ROBERT SIROWITZ                           MEADOWS SHOPPING CENTER 05,
 s/ Robert Sirowitz_____       LLC
Date: 07-19-07 _____         By:  s/ Cathy Reynolds_____
                                          Its: __VP_____
                                          Date: 7-20-07_____


Approved as to form:                      Approved as to form:

COLORADO CROSS-DISABILITY                 MURRAY FRANKE GREENHOUSE LIST
COALITION                                 & LIPPITT, LLP

s/ Kevin W. Williams_____       s/ Stephanie D. Loughner_____
Kevin W. Williams                         Stephanie D. Loughner
Legal Program Director                    Granite Building, Second Floor
655 Broadway, Suite 775                   1228 Fifteenth Street
Denver, CO  80203                         Denver, Colorado 80202


        SO ORDERED.

Dated this 30th day of July, 2007.


                                          s/ Edward W. Nottingham
                                          Edward W. Nottingham
                                          Chief United States District Judge